IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KEITH GOHLKE,

            Plaintiff,                      OPINION AND ORDER

    v.

                                                 20-cv-770-bbc

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On May 21, 2021, I granted the parties' joint motion to remand this case for further proceedings before an administrative law judge. Dkt. #21. Now before the court is a motion for attorney fees filed by plaintiff Keith Gohlke's counsel, following a favorable decision from the administrative judge on remand. Dkt. ##24-25. The acting commissioner does not oppose the motion. Dkt. #26. (I have revised the caption to reflect the fact that Kilolo Kijakazi is now the acting commissioner of Social Security.)

Counsel reports that he and plaintiff have a contingency fee agreement providing for attorney fees amounting to 25 percent of an award of past-due benefits. On remand, the administrative law judge awarded past-due benefits from which the Social Security Administration withheld 25 percent, or $40,590.25, for attorney fees. Pursuant to 42 U.S.C. § 406(b), counsel requests an order awarding him a fee for court work in that amount. Counsel has submitted an accounting showing 57.5 hours of attorney time spent on plaintiff's case in this court, which involved both this case and Case No. 18-cv-694-jdp.

The requested fee is within the statutory cap and the parties' contingency fee agreement, but the court must nevertheless review it to be sure that it is reasonable in light of the character of the representation and the results obtained; the time, labor, and skill required; the attorney's

experience, reputation, and ability; and awards in similar cases. Gisbrecht v. Barnhart, 535 U.S. 789, 807-09 (2002); McGuire v. Sullivan, 873 F.2d 974, 979-83 (7th Cir. 1989). Here, the requested award is reasonable. Counsel seeks a total of $40,590.25 in attorney fees for 57.5 hours of work, for an overall average hourly rate of $705.92. This is within the typical hourly rate found to be reasonable in such cases and district courts in this circuit have awarded representative fees that reflect hourly rates as high as $400 to $1,500. Koester v. Astrue, 482 F. Supp. 2d 1078, 1083 (E.D. Wis. 2007) (collecting cases). Counsel is an experienced attorney who represented plaintiff in this court and achieved a favorable result for his client. Accordingly, I will approve counsel's request for attorney fees in the amount of $40,590.25.

Counsel points out that he was already awarded $10,250.00 in fees under the EAJA, and his fee agreement with plaintiff provides that his total fee for representation will not exceed 25 percent of plaintiff's back benefits. Accordingly, plaintiff asks this court to direct the SSA to award him only $30,340.25 to reflect an offset or credit for the EAJA fees already awarded, leaving the remaining $10,250 in the acting commissioner's hands for future payment of agency fees that counsel intends to seek under 42 U.S.C. § 406(a). As this is a permissible and reasonable request, I will grant it. O'Donnell v. Saul, 983 F.3d 950, 959 (7th Cir. 2020).

ORDER

IT IS ORDERED that:

1. The motion for attorney fees filed by plaintiff's attorney pursuant to 42 U.S.C. § 406(b), dkt. #24, is GRANTED. The court approves a representative fee award of $40,590.25.

2. Because counsel already received $10,250.00 in attorney fees under the EAJA, the Social Security Administration is directed to pay $30,340.25 of plaintiff's withheld back due benefits to plaintiff's attorney, Frederick J. Daley, Jr., and to retain the balance until counsel files a fee petition pursuant to 42 U.S.C. § 406(a).

Entered this 22d day of August, 2022.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge